

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

February 17, 1977

The Honorable H. Q. Sibley
Executive Director
Texas Animal Health Commission
1020 Sam Houston State Office
    Building
Austin, Texas   78701

Opinion No. H-944

Re:  Whether the Texas
Animal Health Commission
may purchase uniforms for
inspectors.

Dear Dr. Sibley:

You have asked whether the Texas Animal Health Commission has authority to purchase uniforms for employees who stop and inspect livestock shipments pursuant to article 7014d, V.T.C.S.  You also ask whether hats and boots constitute parts of the uniforms.  You inform us that you purchased uniforms in 1975 and 1976.  The Board of Control approved these items and the Comptroller made payment, but the State Auditor questioned the purchase.

The Legislature may not appropriate money for uniforms for the inspectors unless preexisting law authorizes the purchase.  Tex. Const. art. 3, § 44; Austin National Bank v. Sheppard, 71 S.W.2d 242 (Tex. 1934).

Article 7014d, pursuant to which the inspections take place, provides:

> Section 1.  Agents of the Texas Animal Health Commission shall have the right to stop and inspect all shipments of livestock or livestock products being transported into or through the State of Texas at any point or place en route in order to determine that said shipment is in compliance with all laws, rules, and regulations administered by the Texas Animal Health Commission affecting such shipments. . . .

p. 3944

> Sec. 2.  If any shipment of livestock or products thereof is being transported contrary to prescribed laws, rules, or regulations, it may be detained until compliance is obtained. This may include unloading said shipment from transporting vehicle . . . . (Emphasis added).

Article 7014d does not expressly permit the purchase of uniforms for inspectors or authorize the Commission to make rules to carry out its provisions.  It merely grants a power that inspectors can exercise to enforce any laws, rules, and regulations applicable to the shipments.  However, the provisions that the inspectors enforce may provide preexisting authority for the purchase of uniforms.  For example, the Commission is required to adopt regulations relating to movement out of livestock markets to protect against the spread of disease.  V.T.C.S. art. 7014c, § 2.  It has the duty to protect livestock from a number of diseases and to establish quarantines.  V.T.C.S. art. 7014f-1, § 1.  The Commission also must adopt rules for moving livestock into and out of Tick Eradication Areas.  V.T.C.S. art. 7014g-1, §§ 1, 27.  The roadside inspections carried out under article 7014d contribute to the performance of these duties.  The Commission may adopt rules and regulations to carry out its statutory duties.  V.T.C.S. arts. 7014c, § 2; 7014f-1, § 1; 7014g-1, §§ 1, 27.  We believe the Commission has sufficient authority to equip its inspectors with articles necessary to their performance of duties under article 7014d.  If the Commission determines that uniforms are necessary to the efficient performance of the inspection duties, it may purchase them, provided an appropriation is available.  See Attorney General Opinions H-289 (1974); C-294 (1964); WW-865 (1960); O-6903 (1945).  We cannot say that the provision of uniforms would not further the legislative purpose of controlling various animal diseases by inspecting livestock shipments. Uniformed inspectors may elicit greater cooperation from drivers than non-uniformed inspectors, particularly when they detain and unload vehicles under section 2 of article 7014d.  We believe that there is sufficient preexisting law on which the Legislature could base an appropriation for uniforms.

The Legislature may appropriate money for uniforms to be worn by inspectors, if doing so would serve a proper public purpose.  See Tex. Const. art. 3, § 51; State v.

City of Austin, 331 S.W.2d 737 (Tex. 1960); Attorney General Opinion H-289 (1974). The uniforms remain the property of the state, and although individuals may derive some benefit from the expenditure, this does not make it one for a private purpose. Attorney General Opinion WW-865 (1960).

There must be a specific appropriation for the purchase. Tex. Const. art. 8, § 6; see National Biscuit Company v. State, 135 S.W.2d 687 (Tex. 1940). The Animal Health Commission appropriation for 1974-75 provides in pertinent part:

> 9. Consumable supplies and materials, current and recurring operating expense, travel, capital outlay, diagnostic services, including bacteriological, serological, toxicological and pathological examination by interagency or commercial contract. General Appropriations Act, Acts 1973, 63rd Leg., ch. 659, art. 3, at 1911-12. (Emphasis added).

The current appropriations bill provides money for the following purposes:

1. Central Operations:

. . . .

    d.  General Administration and Support

. . . .

2. Eradication and Control:

    a.  General Inspections

. . . .

General Appropriations Act, Acts 1975, 64th Leg., art. 5, ch. 743 at 2550. (Emphasis added).

We believe that the underlined language of these two provisions is sufficient to satisfy article 8, section 6.  See Bullock v. Calvert, 480 S.W.2d 367 (Tex. 1972); Attorney General Opinion M-1105 (1972).  We also believe that the Legislature has indicated its intent to permit the purchase of uniforms. The appropriations act contains the following provision:

> LIMITATIONS ON USE OF APPROPRIATED FUNDS. Funds appropriated in articles I, II, and III of this Act . . . shall be expended only for items set out in the Comptroller's Manual of Accounts, Expenditure Classification, effective November 1, 1965, as amended, insofar that agencies expending said appropriated funds shall have existing statutory authority for such expenditures and that such expenditures are not limited or prohibited elsewhere in this Act.  Acts 1975, 64th Leg., ch. 743, art. 5, § 10 at 2852.

See Acts 1973, 63rd Leg., ch. 659, art. 5, § 10 at 2202.

This section permits expenditures for items listed in the Comptroller's Manual of Accounts, if the agency has statutory authority for the purchase and if the Act does not elsewhere limit the expenditure.  The Comptroller's Manual, Expenditure Classification 013, includes clothing and uniforms along with other items.  We have determined that the Commission has statutory authority for the purchase, and we find no limitation or prohibition on the expenditure in the appropriations bill.  In fact, the Legislature has acquiesed in agency decisions to buy parts of uniforms. In Attorney General Opinion WW-865 (1960), this office determined that the Texas Youth Council could buy uniforms from an "operating expenses" item.  We have discerned no legislative effort to overturn that decision or to prohibit the purchase of uniforms unless the appropriations bill expressly mentions them.  The Animal Health Commission informs us that it has in the past bought coveralls, badges, and rubber boots without legislative objection.  We believe that the Legislature's acquiesence in such purchases has indicated its intent to permit the purchase of uniforms from its appropriation to the Animal Health Commission. See Jessen Associates v. Bullock, 531 S.W.2d 593 (Tex. 1976). We conclude that the Animal Health Commission could purchase uniforms for inspectors from both its 1973 and 1974 appropriation and its current appropriation.

Your second question concerns the items which constitute the uniforms. The answer to this question depends on an evaluation of the circumstances of employment, including the inspectors' duties and working conditions and the purpose served by the item, and requires the investigation and resolution of fact questions. Since we have no authority to resolve questions of fact, we cannot answer your second question. The decision as to the composition of the uniform lies within the agency's discretion to be exercised in good faith, in light of the principles of law we have outlined, and in awareness of the constitutional prohibition against granting benefits to individuals without a proper public purpose. Tex. Const. art. 3, § 51.

### S U M M A R Y

The Animal Health Commission is authorized to purchase uniforms for inspectors in its Compliance and Enforcement Division. Whether particular items form parts of the uniforms depends on the resolution of fact questions and therefore cannot be determined through the opinion process.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jwb